Cheryl RICHARDSON, Petitioner
Below, Appellant,

v.

BOARD OF ADJUSTMENT OF NEW
CASTLE COUNTY, Gary W. Aber,
Chairman, Dorthea Kurman, William
E. Matthews, William J. McKinley, and
George P. Staats, constituting the
Board of Adjustment for New Castle
County, Respondents Below, Appellees.

Supreme Court of Delaware.

Submitted: April 26, 1988.
Decided: Nov. 17, 1988.

Francis J. Trzuskowski, of Trzuskowski,
Kipp, Kelleher & Pearce, P.A., Wilmington,
for appellant.

Michael Mitchell, New Castle County
Law Dept., Wilmington, for appellees.

Before CHRISTIE, C.J., HORSEY
and MOORE, JJ.

MOORE, Justice.

For the first time, we consider the concept of zoning by acquiescence. Cheryl Richardson, a property owner in the incorporated Village of Ardentown, appeals a ruling of the Superior Court, affirming a decision of the New Castle County Board of Adjustment (the Board) which purports to apply the zoning ordinances of that county to property within Ardentown. While the applicable statute, 9 *Del.C.* § 2601, provides that "territory lying within incorporated municipalities shall be included [within the zoning ordinances of New Castle County] upon request made by the governing body or authority thereof", Ardentown has made no such request.[1] The Superior Court nonetheless held that the town had acquiesced in such zoning.

As the zoning power is a form of taking the property of another, it can be exercised only by the most scrupulous adherence to constitutional and statutory mandates. Thus, we conclude that the concept of zoning by acquiescence is not recognized in our law. Accordingly, we reverse on that issue.

The Board, however, has raised for the first time a new issue which we cannot address here. See Rule 8. Specifically, the Board now contends that under 9 *Del. C.* § 1102(c) responsibility for a "local service function", like zoning, which was exercised by the County over a particular area as of January 3, 1967, may be "transferred" to a municipality only upon the "concurring affirmative action in the form of an ordinance of the county government of New Castle County and of the governing

---

1. The full provisions of 9 *Del.C.* § 2601 state:

   The county government may, in accordance with the conditions and procedure specified in this chapter, regulate the location, height, bulk, and size of buildings and other structures, the percentage of lot which may be occupied, the size of yards, courts, and other open spaces, the density and distribution of population, the location and uses of buildings and structures for trade, industry, residence, recreation, public activities, water supply conservation, soil conservation, or other similar purposes, in any portion or portions of New Castle County which lie outside of incorporated municipalities. *The territory lying within incorporated municipalities shall be included upon request made by the governing body or authority thereof.* (Emphasis added).

body of the municipality concerned." See 9 *Del.C.* § 1102(c). Ardentown, which was organized after January 3, 1967, has not requested that its territory be included within the zoning authority of New Castle County under § 2601. Nor has Ardentown sought transfer of that function to itself under § 1102(c). Since the zoning function could not have been transferred to the municipality by acquiescence, the provisions of 1102(c) find no direct application here. Nonetheless, there is a potential conflict between the statutes, and there should be a decision as to how, if possible, these two statutes can be harmonized. We find that the interests of justice require that the statutory scheme be reconsidered in the light of § 1102(c). Accordingly, the matter will be remanded to the Superior Court for further proceedings directed to the issues presented by § 1102(c).

### I.

The facts are undisputed. Cheryl Richardson has owned the property in Ardentown since purchasing it in 1980 from her mother. At that time it had been used as a three-family dwelling, and Ms. Richardson has expended substantial sums to maintain and continue such use.

The property lies wholly within the corporate limits of Ardentown, a village incorporated in 1975. Other than the act of its incorporation as a municipality, Ardentown does not govern itself as such. In fact it has little or no government at all. Any managerial functions that are required to be performed are exercised by a group of trustees. Nonetheless, the village is a legally separate and independent entity.

On June 26, 1986 Richardson received a violation notice from the Department of Public Works of New Castle County advising that her property had not been approved for a multi-unit dwelling, and instructing her to seek such approval from the Board. Richardson applied for and was refused a zoning variance.

She appealed promptly to the Superior Court, and there raised the issue of the Board's jurisdiction. The Superior Court affirmed, holding that Ardentown had acquiesced in the New Castle County zoning ordinances. As limited by us, Ms. Richardson's appeal presents a single issue for determination: Can New Castle County assert zoning control over Ardentown by a theory of acquiescence, when the latter has not requested that it be included within the zoning territory governed by the county, as provided by § 2601, and neither entity has sought to transfer the zoning function under § 1102(c)?

### II.

By constitutional mandate the power to zone has traditionally been reserved to local governments.[2] Under either theory of the parties, irrespective of the applicability of one or both of the statutes in question, neither admit of zoning by acquiescence. See 9 *Del.C.* §§ 1102(c) and 2601, *supra.*

Moreover, zoning has constitutional implications. Exercise of that power may effect a "taking" as that term is defined in Fifth Amendment jurisprudence. *See First English Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). Accordingly, the taking of a property interest under the aegis of zoning must be evaluated with these constitutional concerns in mind. To allow a citizen to be deprived of such property rights by the doctrine of acquiescence would be inconsistent with the obvious principle that a body exercising

---

**2.** Del. Const. art. II § 25 provides:

The General Assembly may enact laws under which municipalities and the County of Sussex and the County of Kent and the County of New Castle may adopt zoning ordinances, laws or rules limiting and restricting to specified districts and regulating therein buildings and structures according to their construction and the nature and extent of their use, as well as the use to be made of land in such districts for other than agricultural purposes; and the exercise of such authority shall be deemed to be within the police power of the State.

zoning powers have the clear and unequivocal jurisdiction to do so.

Given the the constitutional and statutory framework upon which the exercise of zoning powers is based, clearly there is no room in our law for the concept of acquiescence. The judgment must be RE-VERSED, and the matter REMANDED to the Superior Court for consideration of the Board's arguments respecting the applicability of 9 *Del.C.* § 1102(c).